Dear Mr. Odom:
You have requested an opinion of the Attorney General relative to the Agricultural Commodity Commission Self-Insurance Fund (Fund). You specifically ask whether the Fund is subject to the provisions of LSA-R.S. 49:308.3.
The Fund was created in 1986 pursuant to the enactment of LSA-R.S. 3:3410.1. It provides, in pertinent part:
 "(2) After compliance with the requirements of Article VII, Section 9 of the Constitution of Louisiana relative to the Bond Security and Redemption Fund, and prior to monies being placed in the state general fund, an amount equal to that deposited as required by Paragraph (1) of this Subsection shall be credited to a special fund hereby created in the state treasury to be known as the Agricultural Commodity Commission Self-Insurance Fund. The monies in this fund shall be used solely as provided in Paragraph (3) of this Subsection and only in the amounts appropriated by the legislature. All unexpended and unencumbered monies in this fund at the end of each fiscal year shall remain in this fund. The monies in this fund shall be invested by the state treasurer in the same manner as monies in the state general fund, and interest earned on the investment of these monies shall be credited to this fund, again, following compliance with the requirement of Article VII, Section 9 relative to the Bond Security and Redemption Fund." (Emphasis added.)
The purpose of the Fund is to guarantee the faithful performance of all duties and obligations of licensed grain dealers and/or warehousemen to agricultural producers and holders of state warehouse receipts for agricultural commodities. LAC 37:105. Participation in the Fund is voluntary. LAC 37:121. The Fund is administered by the Louisiana Agricultural Commodities Commission (Commission).
The Commission, created within the Department of Agriculture and Forestry by LSA-R.S. 3:3403, is a regulatory commission charged with the responsibility of licensing warehousemen and grain dealers. LSA-R.S. 3:3405. It also establishes and levies regulatory fees on all agricultural commodities and other farm products. LSA-R.S. 3:3422.
Licensees electing to participate in the Fund are assessed an annual premium which is used solely for the administration and operation of the self-insurance program. LSA-R.S. 3:3410.1
and LAC 37:111. The moneys in the Fund are used to pay claims which have been successfully adjudicated in favor of a claimant before the Commission.
In 1988, the legislature enacted LSA-R.S. 49:308.3 which, with limited exceptions, abolished many of the special funds then existing in the state treasury.
In addition to the above statutory provisions, we believe Article VII, Section 9(A)(2) of the Louisiana Constitution (1974) is material to this issue. It provides:
"Section 9. (A) Deposit in State Treasury.
 All money received by the state or by any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury, except that received:
* * *
(2) By trade or professional associations;"
This office has consistently held that it was the intent of the delegates to the Constitutional Convention, when referring to "trade or professional associations," to include agencies of state government which are involved in licensing and regulating persons and firms engaged in the various trades and professions. A careful review of the discussions of the Committee on Revenue Finance and Taxation reveals that, without any question, the majority of the members of that committee intended that the Constitution would exempt from the general provisions of Article VII, Section 9, (1) the various boards and commissions engaged in licensing and regulating and (2) those boards and commissions that are commonly known as "promotional boards". See Attorney General Opinion Nos. 74-1899, 75-23, 78-76A, 82-732, 85-774, and 93-250.
Attorney General Opinion No. 93-250 addressed the issue of whether moneys received by the Louisiana Board of Massage Therapy (Board) from fees and other self-generated revenues are exempt from deposit in the state treasury pursuant to Article VII, Section 9(A)(2). LSA-R.S. 37:3562(F) directed the Board to deposit all moneys it received in the state treasury. Therein, this author opined that Section 3562(F) was in conflict with Article VII, Section 9(A)(2). Thus, to the extent Section 3562(F) required Board funds to be deposited in the state treasury, it was unconstitutional and unenforceable.
Attorney General Opinion No. 85-774 reached the same conclusion with regard to the State Board of Private Securities Examiners.
It is the opinion of this office that the same rationale applies to moneys received by the Louisiana Agricultural Commodities Commission in the administration of its self-insurance program, as well as to other fees generated by said Commission (e.g., LSA-R.S. 3:3423). In support of this conclusion, I draw your attention to LSA-R.S. 3:3423 which acknowledges the exceptions contained in Article VII, Section 9.
In conclusion, the Louisiana Agricultural Commodities Commission is exempt, as a trade and/or professional association (i.e., a regulatory commission) from the provisions of Article VII, Section 9(A), requiring all money received by the state to be deposited in the state treasury. In reaching this conclusion, we find it unnecessary to address the applicability, vel non, of LSA-R.S. 49:308.3 to funds generated by the Commission.
Trusting this opinion adequately responds to your inquiry, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0112R
cc: Mary L. Landrieu State Treasurer